ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2020-Jun-26  16:10:41
60CV-20-3654
C06D06 : 7 Pages

## CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS

JONATHAN EDWARDS AND CARLA
EDWARDS

                                    Plaintiffs,

vs.

SKYLIFT, INC.
Serve:  Diane Jarmoszuke,
        Registered Agent
        21884 Avalon Drive
        Rocky River, OH 44116

and

JEREMY GRAY
335 Harver Hills Road
Malvern, AR 72104

                                    Defendants.

---

### PLAINTIFFS' ORIGINAL COMPLAINT AND JURY DEMAND

---

Plaintiffs JONATHAN EDWARDS and his wife CARLA EDWARDS, and submit the
following Complaint based on Arkansas law stating:

### FACTUAL INTRODUCTION

1.

This action is based on a products liability, negligence and breach of warranty
claim following a tip over accident involving a Skylift 6000 designed and placed into the
stream of commerce by SKYLIFT, INC.  On February 28, 2019, Plaintiff JONATHAN
EDWARDS was working with a crew employed by Entergy Arkansas, LLC utilizing a
Skylift 6000 to pick up and fix broken power poles.  Plaintiff JONATHAN EDWARDS was
to the side of the Skylift 6000 attaching some downed poles with chains as they were
finishing the cleanup of the area where they repaired the downed power poles.  Defendant

1

**EXHIBIT**

**1**

JEREMY GRAY for unknown reasons raised the boom on the Skylift 6000 without the outriggers being extended.  The boom was never to be lifted without the outriggers being extended.  Plaintiff JONATHAN EDWARDS was totally unaware that the boom was being raised.  At which point the Skylift 6000 became unstable, tipped over, and hit Plaintiff JONATHAN EDWARDS causing serious crushing injuries.

## PARTIES

2.

Plaintiffs JONATHAN EDWARDS is an adult citizen and resident of Arkansas and CARLA EDWARDS is an adult citizen, a resident of Arkansas and the legal spouse of JONATHAN EDWARDS.

3.

Defendant SKYLIFT, INC.  is an Ohio Corporation For Profit whose primary place of business is 3000 N. Leavitt Road, #6, Lorain, Ohio, 44053.  SKYLIFT, INC. is in the business of designing, developing, testing, manufacturing, distributing, and marketing Skylift 6000.

4

Defendant JEREMY GRAY is an adult citizen and a resident of Arkansas and was an employee of Entergy Arkansas, LLC at the time of the accident and was operating the Skylift 6000 at the time of the incident.

5.

## JURISDICTION AND VENUE

Pursuant to Ark. Code Ann. § 16-55-213(a), venue is appropriate in Pulaski County because a substantial part of the event or omissions giving rise to the claim occurred in Pulaski County and Pulaski County is the County of residence for the Plaintiffs.

6.

The Court has personal jurisdiction over one Arkansas defendant, GRAY, because he is a citizen and resident of Arkansas and therefore subject to suit and service in Arkansas. The Court has personal jurisdiction over SKYLIFT, INC. pursuant to Arkansas' long-arm statute because SKYLIFT, INC. transacts business in Arkansas; SKYLIFT, INC. committed tortious conduct within Arkansas; and SKYLIFT, INC. delivered the subject product into the stream of commerce with the expectation that the Skylift 6000 would be

2

purchased and used in the state of Arkansas, and the sale of the product was not an isolated occurrence, but arose from SKYLIFT, INC. efforts to serve, directly or indirectly, the market for its products in all states, including in Arkansas. Jurisdiction over SKYLIFT, INC. is fair and reasonable in Arkansas because SKYLIFT, INC. is in the business of designing, developing, manufacturing, assembling, and distributing lifts, including in Arkansas. SKYLIFT, INC. advertises nationally, including in Arkansas, and directly serves Arkansas customers both online and directly provides sales support, advice, training and recall assistance. As such, SKYLIFT, INC. has purposefully availed itself of the benefits of Arkansas. The jurisdictional act herein that demonstrates purposeful availment is the nationwide distribution of defective products such as the subject Skylift 6000. The regular distribution plan and the commercial benefit received from the sale of products satisfies all due process requirements because SKYLIFT, INC. placed the product into the stream of commerce and thereby benefits from the retail sale of the product, including in Arkansas, and indirectly benefits from Arkansas' laws that regulate and facilitate such commercial activity. The defective product at issue herein caused injury in Arkansas after it was introduced into the stream of commerce. To insulate SKYLIFT, INC.  from responsibility in Arkansas for a defective product that caused injury in Arkansas would defy logic.

7.

The court has subject matter jurisdiction based on the causes of action plead and the amount sought satisfies the jurisdictional limits.

## COUNT 1
## STRICT LIABILITY/PRODUCT LIABILITY

8.

At all times relevant to the subject Complaint, SKYLIFT, INC. was in the business of designing, developing, testing, assembling, manufacturing, marketing, and distributing products for consumer use, including in Arkansas, including the Skylift 6000 owned by Entergy Arkansas, LLC.

9.

3

Absent ordinary wear and tear, including foreseeable use, the subject Skylift 6000 was in substantially the same condition at the time of the crash as it was when it left SKYLIFT, INC.'s possession.

10.

The Skylift 6000 was defective and unreasonably dangerous at the time it was manufactured and supplied by the manufacturer. The manufacturer was in the business of designing, developing, testing, assembling, manufacturing, marketing, and distributing products at the time the Skylift 6000 was introduced into the chain of commerce in Arkansas, and the manufacturer profited from the sale of the subject product despite the fact that it was in a defective condition that rendered it unreasonably dangerous for anticipated use by consumers. The defects included design defects, manufacturing defects, marketing defects, and defects in warnings, all of which combined to be a cause and/or contributing cause of the tip-over accident and the injuries resulting from the Skylift 6000's boom crashing into Plaintiff JONATHAN EDWARDS causing all damages suffered and sought by the Plaintiffs herein. The dangers referenced earlier were reasonably foreseeable or scientifically discoverable at the time of exposure.

11.

The manufacturer had both actual and objective knowledge at the time of production of the subject Skylift 6000 that the design was unreasonably dangerous, defective, and not fit for ordinary use as marketed from a tip-over instability standpoint. The Skylift 6000 was marketed for consumer use in all sorts of different sites and purposes.  The accident scenario here, was known to be common, routine, expected, and reasonably foreseeable. SKYLIFT, INC.  was well-aware of the dangers of tip overs and continued to ignore the safety risk, fail to correct known defects, fail to warn of known defects, and failed to take reasonable and appropriate action to ensure that consumers were made aware of existing and known defects.  SKYLIFT, Inc. was aware of alternative safer designs that were both economically and technologically feasible to address all of these defects.

4

12.

Alternative safer designs existed that were technologically and economically feasible as at the time of manufacture that would have prevented or reduced the risk of tip overs and their injuries.

## COUNT 2
## NEGLIGENCE

13.

On the date of the accident made the subject of this Complaint, SKYLIFT, INC. was negligent in the design, in failing to warn, retrofit, recall and otherwise advise consumers of its knowledge of known dangers associated with the design of the Skylift 6000, as well as specifically warning the public and users of the tip over risk associated with the Skylift 6000. The duty assumed by SKYLIFT, INC. was not assignable and non-delegable. Given the manner in which SKYLIFT, INC. encouraged use of its products, SKYLIFT, INC. was likewise negligent for not taking steps to adequately warn the public, including Plaintiffs, of the dangers associated with the components.

14.

SKYLIFT, INC.'s negligence was a proximate and producing cause of the tip over, the injuries, and the damages alleged herein.

## COUNT 3
## NEGLIGENCE
## JEREMY GRAY

15.

At all times relevant to the subject Complaint, Defendant JEREMY GRAY was under a duty to use ordinary care. JEREMY GRAY was negligent in raising the boom on the Skylift 6000 when the outrigger had not been locked into place and to warn PLAINTIFF JONATHAN EDWARDS that he was raising the boom of the Skylift 6000.

16.

The foregoing acts of negligence were a proximate cause of the accident, injuries and damages.

## COUNT 4
## CONSORTIUM DAMAGES OF
## CARLA EDWARDS

17.

PLAINTIFF CARLA EDWARDS was the lawful wife to PLAINTIFF JONATHAN EDWARDS at the time of the subject incident of this complaint.

18.

PLAINTIFF CARLA EDWARDS sustained damage as a result of the actions or inactions of DEFENDANTS set forth above as a result of the injuries sustained by her husband in the tip over incident the subject of this complaint.

## DAMAGES

The actions and/or inactions of Defendants, jointly and severally, proximately caused the damage, injuries, and enhanced injuries suffered and referenced herein. Plaintiffs seek compensation for the following elements of damage under Arkansas law:

A. Past and future pain and suffering;

B. Past and future mental anguish and distress,

C. Past and future Medical expenses and life care costs;

D. Past and future loss of earnings and earning capacity;

E. Loss of consortium of PLAINTIFF CARLA EDWARDS;

F. Punitive or exemplary damages where applicable;

G. Pre-judgment interest, fees and costs; and

H. All other relief to which they may be entitled.

WHEREFORE, PLAINTIFFS pray for judgment for compensatory and punitive damages as set forth in this Complaint, pre- and post-judgment interest, costs, and fees in connection with this action, and for any and all other just relief this court may deem appropriate.   Plaintiffs pray for a jury trial.

Dated this 26th day of June, 2020.

RESPECTFULLY SUBMITTED,


Jonathan P. Davis, Bar No. 2009080
Bradshaw Law Offices
1736 E. Sunshine, Suite 600
Springfield, MO 65804
Telephone:   (417)890-8888
Facsimile:     (417)889-9229
Email:  jondavis@semitrucklaw.com

**Attorneys for Plaintiffs**

JURY DEMAND

Plaintiffs hereby request a 12-person jury trial in the above-captioned cause in accordance with the laws of the State of Arkansas