IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JONATHAN EDWARDS AND CARLA EDWARDS**                                                          **PLAINTIFFS**

v.                                         **4:20CV01127-BRW**

**SKYLIFT, INC.**                                                                                **DEFENDANT**

### STIPULATED PROTECTIVE ORDER REGARDING ENTERGY ARKANSAS, LLC

The Joint Motion for Protective Order (Doc. No. 17) is GRANTED.

Non-party Entergy Arkansas, LLC ("EAL") and the parties stipulate and agree that the following terms and conditions governs EAL's disclosure and production of trade secrets, confidential research, development and commercial information, and other information whose confidentiality is protected under applicable law.

**DEFINITIONS**

1. The following definitions apply to this Order:

    (a) The term "document" or "documents" includes all writings discoverable under the Federal Rules of Civil Procedure.

    (b) "Confidential Information" refers to any information, documents, and things which are subject to discovery in this action which include pricing, proprietary information, trade secrets, information regarding business decisions, internal manuals, employee training or contracts that are entitled to or allowed confidential treatment under Arkansas law. This Protective Order is not intended to protect documents or information that have been placed in the public domain or documents and information that do not disclose trade secrets or sensitive, proprietary information about a product or service that would otherwise not be discoverable by a competitor, or similar information entitled to confidential treatment under Arkansas law.

**PURPOSE**

2. This Protective Order governs the use and dissemination of all information, documents or materials that are produced by EAL and designated as Confidential in accordance with the terms of this Protective Order. This Protective Order is not intended to address or govern claims of work product or privilege that may be asserted by any of the parties, except as otherwise provided in this Order.

**DESIGNATION AND TREATMENT**

3. EAL may designate as "Confidential Information" any information, document or material that meets the definitions in ¶ 1(b) of this Protective Order.  The designations "Confidential Information" will be made by affixing on the document or material containing such information, and upon each page so designated if practicable, words that in substance state, "CONFIDENTIAL- SUBJECT TO PROTECTIVE ORDER."  Any material, document or information for which it is impracticable to affix such a legend may be designated by written notice to that effect with a reasonable description of the material in question, such as by designating on the front of the flashdrive or CD or other device producing the material.

4. At the option of the EAL, and to facilitate prompt discovery by allowing inspection or review before formal designation in the manner specified above, all information, material or documents produced in response to a subpoena or discovery request will be treated as Confidential Information pending inspection and copying.

5. Anyone having access to Confidential Information will maintain it in a safe and secure manner to ensure compliance with this Order.  Any summary, extract, paraphrase, quotation, restatement, compilation, notes or copy containing Confidential Information, or any electronic image or database containing Confidential Information, will be subject to the terms of

this Order to the same extent as the material or information from which such summary, extract, paraphrase, quotation, restatement, compilation, notes, copy, electronic image, database is derived.

6. EAL may, in good faith, redact non-responsive and/or irrelevant Confidential Information from any document or material. However, unredacted copies of such documents will be maintained.

**LIMITATIONS ON USE**

7. Except to the extent expressly authorized by this Order, Confidential Information will not be used or disclosed for any purpose other than the preparation and trial of this case and in any appeal taken from any judgment herein. Nothing designated as Confidential Information will be used for any commercial, business, marketing, competitive, personal, or other purposes.

**LIMITATIONS ON DISCLOSURE**

8. Except with the prior written consent of EAL, or as expressly authorized by this Order, no person receiving Confidential Information may disclose it to any other person.

9. Any person to whom Confidential Information may be disclosed pursuant to this Order, except this Court and its personnel, first will be required to read a copy of this Protective Order and such person will be subject to the terms and conditions of this Protective Order and will not use any of the Confidential Information for any purpose other than the prosecution or defense of this case. The party making the disclosure of the Confidential Information to such persons will be responsible for assuring compliance with this provision.

10. Access to Confidential Information is limited to:

   (a) Officers, employees, agents, representatives of the receiving party or attorneys, paralegals, assistants, and clerical employees who are assisting in the prosecution, defense and/or appeal of this action;

   (b) Any consultant, investigator or expert (collectively, "Expert") who is assisting in the preparation and/or trial of the Action, but only to the extent reasonably necessary to enable such Expert to render such assistance;

   (c) Court reporters and videographers involved in rendering professional services in the action; and

   (d) Professional vendors (including the employees and contractors of the vendors) that provide litigation support services in this action;

   (e) People who generated or received the documents;

   (f) Other potential or anticipated deposition or other fact witnesses, who have or reasonably may have knowledge relating to the contents of the documents or information designated "CONFIDENTIAL" or the specific events, transactions, or date reflected in the confidential information;

   (g) Witnesses at depositions, hearings or trials who are not otherwise described above; and

   (h) The Court and its personnel, subject to the provisions of ¶15 of this Order.

  11. If a party or other person receiving Confidential Information pursuant to this Order thereafter receives a subpoena or order to produce such information in any other action or proceeding before any other court or agency, such party or person will, before the due date of the request, notify EAL of the pendency of the subpoena, public records request or order in writing. To give the EAL an opportunity to obtain such relief, the party or person from whom the

information is sought will not make the disclosure before the actual due date of compliance set forth in the subpoena or order.  To the extent a Court in another jurisdiction determines that the documents or information produced in this litigation are discoverable in another lawsuit, this provision will not prevent the use or production of "Confidential Information" produced in this case, subject to any Protective Orders entered by the Court of the other jurisdiction.

**DEPOSITIONS INVOLVING CONFIDENTIAL INFORMATION**

12. Portions of a deposition or depositions in their entirety may be designated Confidential Information by counsel for the deponent or EAL, with respect to documents or information that it has produced, by indicating that fact on the record at the deposition or in writing no later than 30 days after the receipt of the deposition transcript. The court reporter will include on the cover page a clear indication that the deposition has been so designated. Once designated, any deposition transcript in which Confidential Information is discussed, and any exhibits containing Confidential Information, will be treated as such.

13. No one may attend, or review the transcripts of, the portions of any depositions at which Confidential is shown or discussed, other than persons authorized to receive access to Confidential Information.

**FILING OR USE OF CONFIDENTIAL INFORMATION AS EVIDENCE**

14. Where any Confidential Information or information derived therefrom is included in any court filing, such filing will be marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" and will be placed in a sealed envelope marked with the caption of the case and held under seal.

**OBJECTIONS TO DESIGNATIONS**

15.     Any party may, after production of material designated under this Protective Order, until 60 days prior to the Trial, object to its designation by notifying EAL in writing of that objection and specifying the designated material to which the objection is made.  EAL and the party will confer within 10 days of service of any written objection.  If the objection is not resolved, the Requesting Party will, within 20 days of the objection, file and serve a motion to resolve the dispute.  If the Requesting Party does not file a Motion to resolve the dispute within 20 days of the objection, the documents or information objected to will be deemed confidential.

**INADVERTENT WAIVER**

16.     Inadvertent failure to designate any information pursuant to this Protective Order will not constitute a waiver of any otherwise valid claim for protection, so long as such claim is asserted within 15 days of the discovery of the inadvertent failure.  At such time, arrangements will be made for EAL substitute properly labeled copies.

**NON-TERMINATION**

17.     Any information or documents designated as Confidential Information will continue to be treated as such until such time as (i) EAL expressly agrees in writing that the information, documents, testimony or other materials in question are no longer Confidential (ii) or there is a finding by the Court that the information or documents are not the proper subject of protection under this order.  Issues regarding the protection of Confidential Information during trial may be presented to the Court as each party deems appropriate.

18.     The obligations and protections imposed by this Order will continue beyond the conclusion of this action, including any appeals, or until the Court orders otherwise.  Within 60 days after receipt of a request from EAL, made after this action has concluded and the time for

possible appeal has been resolved, Confidential Information (other than exhibits at the official court of record) will be returned to EAL or will be destroyed by the receiving party. Counsel for any party or third party receiving Confidential Information in this action will make written certification of compliance with this provision and will deliver the same to counsel for EAL within 180 days after such request.

**OTHER DEFENSES TO PRODUCTION**

19. Nothing contained herein will be construed to or in any way affect or impair the right of any Party or EAL to seek additional protection or to raise or assert any defense, objection, privilege or immunity to the discovery or production of documents or confidential information contained therein or to the use of any evidence.

20. Nothing contained herein will require the disclosure or dissemination of material which is covered by the attorney-client privilege or the work product doctrine.

IT IS SO ORDERED on this 2nd day of March, 2021.

Billy Roy Wilson
UNITED STATES DISTRICT JUDGE
