IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JONATHAN EDWARDS and CARLA EDWARDS                              PLAINTIFFS

v.                              4:20-CV-01127-BRW

SKYLIFT, INC.                                                    DEFENDANT

## ORDER

Pending are Defendant's Motion for Summary Judgment (Doc. No. 33) and Motion to Exclude Opinion Testimony of Russ Rasnic (Doc. No. 36). Plaintiffs have responded and Defendant has replied.[1] For the reasons stated below, Defendant's Motion For Summary Judgment is GRANTED and Defendant's Motion to Exclude Opinion Testimony from Russ Rasnic is DENIED as MOOT.

I.  BACKGROUND[2]

On February 8, 2019, Plaintiff Jonathan Edwards ("Edwards") was part of a crew of Entergy Arkansas, LLC ("Entergy") employees dispatched to clean up storm debris. The crew used a Skylift Mini-Derrick Super 6000 ("Skylift") digger derrick manufactured by Defendant to assist in clearing debris from the area.

The Skylift was equipped with an outrigger system to keep the machine stable when the boom is raised or rotated. Part of the outrigger system included an interlock that prevents the boom assembly from moving until the outriggers were deployed. The outrigger interlock system included an override switch allowed the boom to be moved without the interlock limitations.

---

[1]Doc. Nos. 39, 40, 41, 43, 44.

[2]Unless otherwise stated the Background section is from the Concise Statements of Fact (Doc. Nos. 35, 41).

1

Another Entergy employee, Jeremy Gray, operated the Skylift during the debris removal process. Gray engaged the outrigger override switch and moved the boom as Edwards was attempting to connect broken power poles to a chain so that the poles could be dragged away. During this operation, the Skylift tipped over on top of Edwards and injured him.

On June 26, 2020, Plaintiffs filed their Complaint against Defendant and Gray in the Circuit Court for Pulaski County, Arkansas. On September 11, 2020, Plaintiffs sought to dismiss Gray without prejudice and it was so ordered on September 14, 2020. Defendant removed the case to this Court on diversity grounds on September 22, 2020.

Plaintiffs rely on strict liability, negligence, breach of warranty, and seek punitive damages. Plaintiff Carla Edwards asserts a loss of consortium claim. Plaintiffs hired an engineer Russ Rasnic to provide expert testimony that the Skylift was defective and unreasonably dangerous as designed and that Defendant failed to provide adequate warnings for operating the Skylift.

On July 7, 2021, Defendant filed its Motions for Summary Judgment and Motion to Exclude Rasnic's testimony. Defendant contends that Rasnic did not use reliable methodology to determine whether the Skylift was defective and he is not a warning's expert. Defendant argues that even if his testimony is considered, it fails to prove any defect exists under Arkansas law. I agree.

## II.    APPLICABLE LAW

"Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact and the moving party is entitled to judgment as a matter of law."[3]  "[S]ummary judgment is not disfavored and is

---

[3] *Garrison v. ConAgra Foods Packaged Foods, LLC*, 833 F.3d 881, 884 (8th Cir. 2016) (citing Fed. R. Civ. P. 56(c)).

designed for every action."[4] In reviewing a motion for summary judgment, I will view "the record in the light most favorable to the nonmoving party . . . drawing all reasonable inferences in that party's favor."[5] Where the nonmoving party will bear the burden of proof at trial on a dispositive issue, "Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves."[6] The moving party need not produce evidence showing "an absence of a genuine issue of material fact."[7] Instead, "the burden on the moving party may be discharged by 'showing' . . . that there is an absence of evidence to support the nonmoving party's case."[8]

In response to the moving party's evidence, the nonmoving party's burden is to produce "specific facts sufficient to raise a genuine issue for trial."[9] The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts, and must come forward with specific facts showing that there is a genuine issue for trial."[10] "[T]here must be

---

[4]*Briscoe v. Cnty. of St. Louis*, 690 F.3d 1004, 1011 n.2 (8th Cir. 2012) (internal quotation marks omitted) (quoting *Torgerson v. City of Rochester*, 643 F.3d 1031, 1043 (8th Cir. 2011) (en banc)).

[5]*Whitney v. Guys, Inc.*, 826 F.3d 1074, 1076 (8th Cir. 2016) (citing *Hitt v. Harsco Corp.*, 356 F.3d 920, 923–24 (8th Cir. 2004)).

[6]*Se. Mo. Hosp. v. C.R. Bard, Inc.*, 642 F.3d 608, 618 (8th Cir. 2011) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)).

[7]*Johnson v. Wheeling Mach. Prods.*, 779 F.3d 514, 517 (8th Cir. 2015) (citing *Celotex*, 477 U.S. at 323).

[8]*St. Jude Med., Inc. v. Lifecare Int'l, Inc.*, 250 F.3d 587, 596 (8th Cir. 2001) (quoting *Celotex*, 477 U.S. at 325).

[9]*Haggenmiller v. ABM Parking Servs.*, Inc., 837 F.3d 879, 884 (8th Cir. 2016) (quoting Gibson v. Am. Greetings Corp., 670 F.3d 844, 853 (8th Cir. 2012)).

[10]*Wagner v. Gallup, Inc.*, 788 F.3d 877, 882 (8th Cir. 2015) (quoting *Torgerson*, 643 F.3d at 1042).

more than 'the mere existence of some alleged factual dispute'" between the parties to overcome summary judgment.[11]

## III.    DISCUSSION

### A.    Russ Rasnic and Jonathan Edwards's Affidavits

Plaintiffs filed affidavits from their expert witness Russ Rasnic and Plaintiff Jonathan Edwards with their response to Defendant' summary judgment motion.[12]  Defendant contends that these are "sham affidavits" that must be disregarded because they contradict prior testimony and attempt to fill in holes in Plaintiffs' case made apparent by Defendant's motion for summary judgment.

An affidavit is a sham affidavit if it contradicts prior testimony or is a "sudden and unexplained revision of testimony [that] creates an issue of fact where none existed before."[13] However, if the affidavit merely explains portions of a prior deposition that may have been unclear, it is not a sham affidavit.[14]

I agree with Defendant that these affidavits contradict previous statements, and that they raised only "sham issues" in an attempt to create factual disputes.

Accordingly, I will not consider these affidavits in deciding the motion for summary judgment.

---

[11]*Dick v. Dickinson State Univ.*, 826 F.3d 1054, 1061 (8th Cir. 2016) (quoting *Vacca v. Viacom Broad. of Mo., Inc.*, 875 F.2d 1337, 1339 (8th Cir. 1989)).

[12]Doc. Nos. 40-3, 40-7.

[13]*Button v. Dakota, Minnesota & E. R.R. Corp.*, 963 F.3d 824, 830 (8th Cir. 2020) (quoting *Bass v. City of Sioux Falls*, 232 F.3d 615, 618 (8th Cir. 1999)).

[14]*Id.* (citing *City of St. Joseph v. Sw. Bell Tel.*, 439 F.3d 468, 476 (8th Cir. 2006).

**B.     Design Defect Claim**

Plaintiffs claim that Defendant's Skylift suffered from a design defect which proximately caused Plaintiffs' injuries. Design-defect claims "involve a design that is executed according to plan but produces unintended and unwanted results."[15] To succeed in a strict liability claim, a plaintiff must prove that a product was defective so as to render it unreasonably dangerous, and that the defect was the cause of the injury.[16]

### 1.     Evidence of a Defect

A defect under Arkansas law "means a condition of a product that renders it unsafe for reasonably foreseeable use."[17] A defective design can be established under Arkansas law without proof of a safer alternative design.[18] However, "[w]hen a plaintiff's sole proof of a defective design is the designer's choice not to pursue a safer design, the evidentiary burden is on the plaintiff to show that the safer alternative design actually exists."[19] Plaintiff does not have to prove that his proposed alternative design is "available and feasible in terms of cost,

---

[15] *Simpson v. Wright Med. Grp., Inc.*, No. 5:17-CV-0062-KGB, 2018 WL 1570795, at *9 (E.D. Ark. Mar. 30, 2018).

[16] Ark. Code Ann. § 16-116-101(a); see *Lee County, Ark. v. Volvo Const. Equipment North America, Inc.*, No. 2:07-cv-00082-BSM, 2008 WL 4999063, at * (E.D. Ark. Nov. 20, 2008) (applying Arkansas law) (granting summary judgment for defendant where plaintiff failed to give proof of defect and did not negate that the accident could have been caused by wear and tear).

[17] Ark. Code Ann. § 16-116-202(2).

[18] *Boerner v. Brown & Williamson Tobacco Corp.*, 260 F.3d 837, 846 (8th Cir. 2001).

[19] *Id.*

practicality, and technological possibility," but he must prove that his proposed design will actually work,[20] which often requires support from expert testimony.[21]

When there is no direct proof of a specific defect, a plaintiff may negate other possible causes of the product's failure, not attributable to the defendant, and in this way create the inference that the defect is the defendant's responsibility.[22] A plaintiff is not required to prove a specific defect if common experience tells us that, absent a defect, the accident would not have occurred.[23] However, the "mere fact of an accident, standing alone" does not prove a plaintiff's case that a product was defective.[24]

Plaintiffs do not claim that the Skylift would have tipped over if it had been used correctly. The Skylift was equipped with functional outriggers. The parties agree that the outriggers could and should have been used here. Instead, Plaintiffs claim that Gray should not have been able to raise the boom without deploying the outriggers, or, at least, it should have

---

[20]*Dancy v. Hyster Co.*, 127 F.3d 649, 654 (8th Cir. 1997) (applying Arkansas law).

[21]*See id.*; *Meza v. Ford Motor Co.*, No. 2:11-cv-2069-PKH, 2012 WL 1570040, at *2 (W.D. Ark. May 1, 2012) (noting that "the type of product defect that is most likely to require expert testimony is that of design defect").

[22]See *Southern Co. V. Graham Drive-In*, 271 Ark. 223 (1980).

[23]*Id.*

[24]*Williams v. Smart Chevrolet Co.*, 292 Ark. 376, 382 (1987). The Arkansas Supreme Court in *Williams* could not say that common experience dictated that the accident, a car door coming open while the car was driving down a gravel road at 10 miles per hour, happened absent a defect. The Court then turned to the evidence to examine to what extent the plaintiff negated other possible causes of the accident. The Court found that neither plaintiff's testimony nor plaintiff's expert's testimony negated other possible causes for the door coming open. Because plaintiff's proof did not go beyond suspicion or conjecture, and did not raise a reasonable inference that a defect was the cause of the accident, the Court upheld the trial court's granting of the defendants' motion for directed verdict.

been more difficult, and when the outrigger interlock override was engaged, audio and visual alarms should have been included to warn Edwards of the potentially dangerous situation.[25]

The Skylift included the outrigger override system for use in performing maintenance operations.[26] This mode allowed the boom to be raised without the outriggers deployed. Certain parts that require periodic maintenance can only be accessed by raising the boom.[27] Defendant provided expert testimony from its design engineer who stated that this design was necessary to keep the Skylift narrow enough to travel through tight spots.[28] The ability to travel through small alleyways and trails is the reason for using this machine.[29]

In his report, Rasnic stated that the accident occurred because Gray used the override switch and raised the boom on the Skylift while the outriggers were not deployed.[30] Rasnic provided several design options that he contends Defendant could have pursued which might have prevented the Skylift from tipping over and causing Plaintiffs' injuries.[31] These options included modifications to the Skylift's outrigger interlock and override system and additional audible and visual signals.[32]

---

[25] Doc. No. 40, pp.4-10.

[26] Doc. No. 40-8, p. 15.

[27] *Id.* at 33.

[28] *Id.*

[29] *Id.*

[30] Doc. No. 39-1, p. 34.

[31] Doc. Nos. 39-1 pp. 34-35.

[32] *Id.*

However, in his deposition, Rasnic conceded that his purposed design solutions would not have prevented the accident here because it was an intentional act by Gray.[33]  Additionally, Plaintiffs concede that an override switch itself is not a defect.[34]  Plaintiffs contend that the Skylift failed to meet a particular standard concerning stability during operation, but admit that the standard also allows for system overrides and that the Skylift's outrigger override system met the applicable standard when it was produced.[35]  As Defendant points out, an owner's choice to allow or not allow operators to access the product's capabilities is not a defect.

Rasnic's remaining alleged defect is that the Skylift's boom should be able to move without the outriggers deployed, at all.  However, he failed to suggest how the Skylift could operate or be maintained without the override switch given its required width limitations. The placement of the boom assembly over engine compartment was necessary to keep the chassis narrow enough to pass through backyard gates.[36]  That is its purpose.  In short, Rasnic failed to produce any workable design alternative that would have actually prevented this accident.

Rasnic also asserted the lack visual or audio warning associated with the boom operation and override system were design defects.[37]  Edwards testified that he could not hear anything due to the environmental conditions and being dressed in thick winter gear.[38]  Edwards also testified that he could not see anything at the time because he had his back to the Skylift as he was trying

---

[33]Doc. No. 34-5, p. 31.

[34]Doc. No. 40, p. 8.

[35]Doc. No. 34-5, p. 45.

[36]Doc. No. 40-8, p. 33.

[37]Doc. No. 39-1, p. 34.

[38]Doc. No. 40-5 p. 55.

to connect the pole to the chain.[39] Rasnic testified he did not know how loud his purposed alarm should be, exactly what type of visual alarm should have been used, or even if an applicable standard exists.[40] He only speculates that the some alarms could have prevented the accident.[41] Additionally, Rasnic conceded that no standard or code exists applicable to the Skylift that required audio or visual alarms when the boom is operated.[42]

Additionally, Rasnic failed to consider and dismiss other causes fo this accident. He did not attempt to reconstruct the accident in any way. He did not test the machine, or another one like it, other than viewing a brief demonstration provided by Entergy employees. In fact, the only other cause Rasnic considered was Gray's conduct and conceded that his intentional actions were the cause.[43]

Accordingly, Plaintiffs have failed to provide sufficient evidence supporting a design defect.

### 2. Unreasonably Dangerous

Even if Plaintiffs had provided sufficient evidence of a design defect, they have not provided any evidence that the Skylift was unreasonably dangerous. An "unreasonably dangerous" product is one that "is dangerous to an extent beyond that which would be contemplated by the ordinary and reasonable buyer, consumer, or user who acquires or uses the product."[44] This definition assumes "the ordinary knowledge of the community or of similar

---

[39]*Id.*

[40]Doc. No. 34-5, p. 38.

[41]*Id.*

[42]*Id.* at 38-39.

[43]Doc. No. 34-5, p. 62.

[44]Ark. Code Ann. § 16-116-202(7)(A).

9

buyers, users, or consumers as to [the product's] characteristics, propensities, risks, dangers, and proper and improper uses."[45]  The knowledge also includes "any special knowledge, training, or experience possessed by the particular buyer, user, or consumer or which he or she was required to possess."[46]

Plaintiff and Mr. Gray both had training and experience in the use of the Skylift.[47]  Even so, Plaintiffs failed to provide any evidence that even an ordinary user of the Skylift would fail to contemplate the hazards associated with engaging the override switch and operating the boom without using the outrigger.  In fact, all of the crew members including (Gray and Edwards) testified that they recognized that using the Skylift in this manner was dangerous.[48]  However, Gray proceeded anyway.

Rasnic's opinions fail to show any defect or that his proposed alternative designs actually would have prevented Plaintiff's injuries. Plaintiffs failed to provide sufficient evidence that the Skylift was unreasonably dangerous.  Accordingly, there is no genuine dispute of material fact and Defendant is entitled to summary judgment on Plaintiff's design-defect claim.

    **C.**    **Failure-to-Warn Claim**

Plaintiffs claim that Defendant failed to provide proper and adequate warnings that the Skylift could tip over under anticipated use of the machine.  Under Arkansas law, it is Plaintiffs' burden in a failure-to-warn case to prove that "the warning or instructions provided were inadequate. Once a [p]laintiff proves the lack of an adequate warning or instruction, a

---

[45]*Id.*

[46]*Id.*

[47]Doc. No. 35, pp.4-5.

[48]Doc. No. 35, p. 6.

presumption arises that the user would have read and heeded adequate warnings or instructions."[49]  However, "this presumption may be rebutted by evidence which persuades the trier of fact that an adequate warning or instruction would have been futile under the circumstances."[50]

Defendant argues that Plaintiffs have failed to present any evidence to meet his initial burden of showing that the warnings on the Skylift were insufficient.  Defendant argues further that, even if Plaintiffs had overcome this initial burden, this claim fails as a matter of law because Rancic testified in his deposition that "this is not a warnings case."

Plaintiffs presented evidence that Skylift failed to provide any instructions for use of the outrigger override switch.[51]  However, the issue here is whether the Defendant sufficiently wanred about using the boom without deploying the outriggers.  Those warnings were sufficient.  The Skylift operator's manual instructed operators not to use the boom without the outriggers.[52]  Additionally, Defendant's warning on the Skylift advised operators to follow the provided manual and their employer's safety rules which expressly forbid the use of the boom with out the outriggers.[53]  Warnings about the outrigger override system is not the issue.  The evidence clearly indicates everyone involved in the incident knew this was a dangerous procedure and they were expressly told not to do it by Skylift and Entergy.

---

[49]See *Bushong v. The Garman Co.*, 311 Ark. 228, 235, 843 S.W.2d 807, 812 (1992).

[50] *Id.*

[51]Doc. No. 40-10, p. 14.

[52]Doc. No. 35, p. 3.

[53]*Id.*

Accordingly, there is no genuine dispute of material fact and that Defendant is entitled to summary judgment on Plaintiff's failure-to-warn claim.

### D. Negligence Claims

Negligence and strict liability are not mutually exclusive claims. More than one theory of liability is permissible in a products liability claim.[54] Here, Plaintiffs allege that Defendant breached its duty because the design allowed the Skylift to get to a point of instability and it should have warned operators of the risks associated with the override system. These negligence claims require a showing of duty, breach, and proximate cause.[55] Negligence means the failure to do something that a reasonably careful person would do to guard against a foreseeable danger.[56]

As stated above, Plaintiff failed to provide sufficient evidence of a defect. Defendant's design of the Skylift met applicable safety standards and was reasonable to meet a specific consumer need. Plaintiffs provided no evidence that Defendant breached the standard of care in its design.

Under Arkansas law, a manufacturer of a product has a duty to give a reasonable and adequate warning of dangers inherent or reasonably foreseeable in its use, and a violation of this

---

[54] *Nationwide Rentals Co. v. Carter*, 765 S.W.2d 931, 933 (Ark. 1989); *W.M. Bashlin Company v. Smith*, 643 S.W.2d 526, 529 (Ark. 1982), *reh'g denied* Jan. 31, 1983.

[55] See Ark. Model Jury Inst., Civil 1001, 1002, 1003 (2017).

[56] *Wallace v. Broyles*, 331 Ark. 58, 961 S.W.2d 712, 715 (1998).

duty is negligence.[57] As a general rule, there is a duty to warn the ultimate user of the product's risks.[58] This duty exists under either a negligence theory or a strict-liability theory.[59]

Here, Defendant's warnings were sufficient (see above).

Accordingly, summary judgment is granted on Plaintiffs' negligence claims.

### E.     Breach of Warranty and Loss of Consortium Claims

In their response, Plaintiffs did not oppose summary judgment on their breach of warranty or loss of consortium claims. Accordingly, summary judgment is granted on those claims.

### CONCLUSION

Because there is no genuine issue of material fact regarding the allegedly defective or unreasonably dangerous condition of the Skylift, or about Defendant's alleged negligence, Defendant's Motion for Summary Judgment is GRANTED and the case is DISMISSED. Defendant's Motion to Exclude Testiomy of Russ Rasnic is DENIED as MOOT.

IT IS SO ORDERED this 12th  day of August, 2021.

BILLY ROY WILSON
UNITED STATES DISTRICT JUDGE

---

[57] Ark. Model Jury Inst., Civil 1002 (2017); see *West v. Searle & Co.*, 305 Ark. 33, 42, 806 S.W.2d 608, 613 (1991).

[58] *West*, 305 Ark. at 42, 806 S.W.2d at 613.

[59] *Id.*